STRICKLAND, ADMINISTRATOR, *v*. SMITH.

Opinion delivered November 12, 1917.

1. WILLS—PROOF OF EXECUTION—TESTIMONY OF BENEFICIARY.—The beneficiary under a will, who is not an attesting witness, may testify as to the circumstances of its execution.

2. WILLS—PROBATE—READING WILL TO JURY.—The probate court refused to probate a will and an appeal was prosecuted to the circuit court where a trial was had before a jury. *Held,* the trial court did not commit error in permitting the will to be read to the jury.

3. APPEAL AND ERROR—INSTRUCTIONS UPON WHAT POINTS MAY BE
   ASKED.—A litigant has a right to have a correct declaration of
   the law given upon any material point in the case where he has
   offered competent testimony tending to sustain that theory.

Appeal from Pulaski Circuit Court, Third Division;
*G. W. Hendricks,* Judge; affirmed.

*Bratton & Bratton,* for appellant.

1. The only question was was the will entitled to
be admitted to probate. Kirby & Castle's Digest, § 10069.

It was error to permit the will to be read in evidence.
Its provisions unduly influenced the jury.

2. It was error to refuse the peremptory instruction
asked. The proponent failed to show by the attesting
witnesses that Allen had executed the will. Kirby & Cas-
tle's Digest, § 10073, 4, 5. The attesting witnesses both
testified that Allen never requested them to witness his
will.

3. It was error to allow L. J. Brown, the attorney,
and Mrs. Smith to testify. 19 Ark. 545, 553; Kirby &
Castle's Digest, § § 10092, 3, 4-8. Outside parties, at-
torneys and beneficiaries can not establish a will. It
was clearly error to allow a beneficiary to testify. Thomp-
son on Wills (1916 Ed.), 396; 14 Bush 434; Schouler on
Wills (1915 Ed.), § 353; 78 Mo. 27; 27 Tenn. 278; 2 Root.
303; 28 La. Ann. 377.

4. The court erred in giving instruction No. 4. It is
abstract.

5. No. 5 is erroneous in that it tells the jury that
they may take into consideration the testimony of other
witnesses who were present at the time of the execution
of the will.

*J. H. Hamiter* and *E. B. Buchanan,* for appellee.

1. The objections to the testimony of Brown and
appellee were not raised at the time of the trial. It is
not the province of a motion for a new trial to bring upon
the record irregularities occurring at the trial. 44 Ark.
122; 94 *Id.* 147.

2.    Brown and Mrs. Smith were competent witnesses. Proponent is not bound by the testimony of the subscribing witnesses. 2 Wigmore on Ev., § § 1285 to 1304; 13 Ark. 479. Kirby's Digest, § 3093, has no application to the contest over the probate of a will. 87 Ark. 286. Jones Com. on Law of Evidence, Vol. 4, § § 792, 796; 26 Ark. 476. Nor do § § 8053, 4, 5-9 apply; they refer only to subscribing witnesses. Devisees and legatees are competent witnesses to prove a will. 38 S. E. 110; 108 Pac. 73; 18 So. 831; 47 S. E. 501; 63 Ala. 448.

3.    This case comes within § 8056, Kirby's Digest. Appellee's claim is a debt against the estate.

4.    Kirby's Digest, § 8053, is unconstitutional and conflicts with § 2 schedule to the Constitution. *Ib.,* § 3094, 5.    These sections are taken from the Civil Code, § 513. Devisees and legatees are competent witnesses. 27 S. W. 254; 79 Atl. 600; 47 S. E. 501; 63 Ala. 448.

5.    The instructions were correct. 13 Ark. 88, 483.

SMITH, J.    This cause originated in the probate court of Pulaski County, where the purported will of Adolph Allen, a colored man, was offered for probate by Kate Smith, a colored woman, who was not of kin to the testator but who received a substantial portion of the estate under the will. The probate court refused to probate the will, and an appeal was prosecuted to the circuit court, where, upon a trial before a jury, there was a verdict in favor of the will.

The subscribing witnesses were O. Samington and W. Beavers, both of whom testified at the trial in the circuit court, and their testimony was of a character to cast some doubt both upon the testamentary capacity of the testator at the time of the execution of the will, or the fact that they signed as witnesses at the testator's request. Thereupon one Brown, who was the attorney who had prepared the will, testified concerning the circumstances of its execution, which he had witnessed, and Kate Smith, who was also present at its execution, gave similar

testimony. The admissibility of this testimony is the principal question raised on this appeal.

It is argued that Kate Smith was an incompetent witness under § § 8053 and 8057 of Kirby's Digest. Section 8053 is attacked by appellee as being in conflict with Section 2 of the Schedule to the Constitution, which provides that ''In civil actions, no witness shall be excluded because he is a party to the suit or interested in an issue to be tried.    *    *    *''

(1)   It is also contended by counsel for appellee that Section 8057 of Kirby's Digest does not apply to either Kate Smith or to the attorney, as neither of them was a subscribing witness; and, as we agree with them in this contention, we do not consider the constitutionality of the section attacked.

The States of the Union generally appear to have statutes more or less similar to the above mentioned sections of Kirby's Digest. Missouri has such a statute, and the Supreme Court of that State, in the case of *Miltenberger* v. *Miltenberger,* 78 Mo. 27, held that a legatee who was interested as such in the establishment of the will, would not be allowed to testify to its due execution, notwithstanding he may not have signed as an attesting witness; that, while the statute only disqualifies him in express terms in the case in which he has so signed, it would defeat the manifest policy of this statute to allow him to testify when he has not so signed.

Kansas has a similar statute, which was construed by the Supreme Court of that State in the case of *Sellards* v. *Kirby,* 108 Pac. 73, and that court said that the statute of that State, making void a devise or bequest to a witness to a will, which can not be proved without his testimony, applies only to attesting witnesses, and not to other persons called upon to testify when the will is offered for probate.

A similar conclusion was reached by the Supreme Court of Vermont in the case of *In re Wheelock's Will,* 56 Atl. 1013.

Upon principle, we perceive no reason why the beneficiary under a will, who was not an attesting witness, should not be permitted to testify. It is argued that it would contravene public policy to permit this. But the Supreme Court of Vermont, in the case cited, answers that argument as follows: "It is argued that to allow a legatee to testify to the execution of the will is improper as against public policy. At common law, in the probating of a will, a legatee thereunder was incompetent to testify. This, however, was solely on the ground of pecuniary interest in the outcome of the action. 1 Underhill on Wills, Sec. 192; 4 Kent's Commentaries (11th Ed.) 598. Since such disqualification has been removed by statute, it is no more against public policy to allow a legatee to testify as a common witness on all questions arising in the probation of a will than it is to allow any other person interested in the result of a suit to give testimony therein. In either case the only reason why it could be against public policy is the interest of the witness, and that ground is no longer available."

Nor is it the law that the proponents of a will are limited, in making proof of its execution, to the evidence of the subscribing witnesses. This subject was reviewed by Professor Wigmore in Volume 2 of his work on Evidence. Chapter 40 is devoted to the subject of preference for attesting witnesses. He discusses the subject with his usual learning and expounds the reason for the rule. In Section 1302 of this chapter he says:

"The notion of the rule of preference for the attesting witness is that of the general desirability, in the furtherance of truth, of obtaining his knowledge on the subject. What its tenor may be, remains to be seen; the object of the law is to obtain his knowledge, irrespective of the side in whose favor it may bear. Accordingly, it is not necessary, as a part of the rule, that he should testify in favor of execution. The rule is satisfied by calling him, *i. e.*, by making *his testimony available* for the trial. If his testimony fails to evidence the execution, the present rule says nothing about the

consequences—whatever any other rule may say. The present rule's force is absolutely spent when the witness is produced for examination. Here also policy agrees with principle; for the practical working of the rule, if it require that the witness should not only testify but testify favorably (*i. e.* if the party desiring to prove execution must fail if the attesters failed to prove it) would be unfair and disastrous, especially in testamentary causes. Accordingly, the failure of the attester *from lack of memory,* to prove execution, is not in itself any breach of the present rule; and though the proponent has still to prove the execution in some sufficient way, he is no longer hampered by any rule about attesting witnesses.

"For the same reason, the attester's positive *denial* of the facts of execution, contradicting the statements implied or expressed in his attestation, leaves the proponent still free to prove by other testimony, if he can, the facts of due execution; a permission demanded not only by principle but also by policy, inasmuch as the proponent would otherwise be defeated of his rights by a corrupt attester."

(2) It is argued that prejudicial error was committed by permitting the will to be read to the jury. The basis of this argument is that the will recited the reasons prompting the testator to make the devise which was made to Kate Smith, thereby arousing sympathy in her favor and inclining the jurors to give it an unduly favorable consideration. We think, however, that no error was committed in this respect, as the will could not be probated unless it was offered in evidence, and we can not say that it was improper for the jury to read the disposition there made of the property devised, as we can not assume that such information would control or influence the jury in determining whether the will had, in fact, been executed.

(3) Objection is made to an instruction numbered 4, upon the ground that it was abstract. The instruction is admittedly a correct declaration of the law, and, according to appellee's theory of the case, it was not

abstract. A litigant has a right to have a correct declaration of the law given upon any material point in the case where he has offered competent testimony tending to sustain that theory. Finding no prejudicial error, the judgment of the court below is affirmed.